UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PAUL BIRDWELL, II, | )  NO. CV 16-7221-AG (KS) |
| Petitioner, | ) |
| | ) |
| v. | )  ORDER: DISMISSING PETITION FOR |
| | )  WRIT OF HABEAS CORPUS WITHOUT |
| STATE OF CALIFORNIA, | )  PREJUDICE; AND DENYING |
| Respondent. | )  CERTIFICATE OF APPEALABILITY |
| _____ | ) |

On September 26, 2016, Petitioner Billy Paul Birdwell II, a self-represented California state prisoner proceeding *in forma pauperis*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") under 28 U.S.C. § 2254. (Dkt. No. 1.) Petitioner challenges his 1987 state court conviction—and accompanying sentence of 22 years to life in state prison— for, among other things, second degree felony murder, robbery, and burglary. (Petition at 2; *see also* Petition, Attach. at ECF Page ID 45-46 (verdict form).)

The Petition indicates that Petitioner appealed his conviction and sought federal and state habeas relief. (*See* Petition at 2-5.) On August 17, 2016, the California Supreme Court summarily denied Petitioner's most recent state habeas petition challenging his 1987 conviction. (Petition, Attach. at ECF Page ID 50); *see also Birdwell (Billy Paul) on H.C.*, California Supreme

Court Case No. S235439, *available at* http://appellatecases.courtinfo.ca.gov (last visited Sep. 28, 2016). On December 11, 2001, the Central District denied Petitioner's most recent federal habeas petition challenging his 1987 conviction. *Birdwell v. Roe*, No. CV 98-5130-WJR (AJW), Dkt. No. 23.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. The Court DISMISSES the Petition as second or successive, under 28 U.S.C. § 2244(b) and Rule 4.

## 1. BACKGROUND

Petitioner previously challenged his 1987 conviction in two federal habeas petitions filed in the Central District. *See Birdwell v. Gomez*, No. CV 97-1537-WJR (AJW) (judgment entered on Jan. 13, 1998); *Birdwell v. Roe*, No. CV 98-5130-WJR (AJW) (judgment entered on Dec. 11, 2001). The later of these two petitions (the "1998 Petition") was dismissed with prejudice on December 11, 2001, when United States District Judge Wiliam J. Rea adopted United States Magistrate Judge Andrew J. Wistrich's 46-page Report and Recommendation, which found no merit to Petitioner's nine claims for relief. *Birdwell v. Roe*, No. CV 98-5130-WJR (AJW), Dkt. Nos. 20 ("Notice of Filing Report and Recommendation"), 23 ("Order and Judgment"). The Ninth Circuit affirmed Judge Rea on April 14, 2004. *Birdwell v. Roe*, No. CV 98-5130-WJR (AJW), Dkt. No. 35.  The instant Petition, like the 1998 Petition, concerns Petitioner's 1987 conviction. Further, according to the Ninth Circuit's docket, the Ninth Circuit has not granted Petitioner leave to file a second or successive petition.

2

# 2. ANALYSIS

## 2.1 Procedural Problems

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

Section 2244(b)(2) provides a basis for pursuing a second or successive Section 2254 habeas petition in certain circumstances. 28 U.S.C. § 2244(b)(2). Nevertheless, even when one of the two exceptions in Section 2244(b)(2) applies, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 1998 Petition, Petitioner sought Section 2254 relief based on the same state conviction at issue here. This Court dismissed the 1998 Petition with prejudice for failing to state a meritorious claim for federal habeas relief. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b). But Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. Therefore, regardless of whether one of the two exceptions in

Section 2244(b)(2) applies, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). The Court must dismiss the Petition here.

### 2.2 Substantive Problems

The Petition would fail for substantive reasons too. Petitioner contends that the jury's felony murder instructions at his trial nearly thirty years ago were unconstitutionally vague under the Supreme Court's 2015 decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). (*See* Petition Mem. at 2, 6, 9.) In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), a federal criminal statute, is unconstitutionally vague under the Fifth Amendment. But the *Johnson* decision is irrelevant here because Petitioner's *state* prison sentence was not enhanced under ACCA's "residual clause" nor was his conviction based on any state analogue of that federal criminal statute. Thus, *Johnson* created no new due process right applicable to Petitioner. *See Renteria v. Lizarraga*, No. CV 16-1568 RGK (SS), 2016 WL 4650059, at *6 (Aug. 1, 2016) ("Petitioner was not sentenced under ACCA's 'residual clause' or even any similar state law equivalent. Accordingly, *Johnson* created no new due process right applicable to Petitioner.").

## 3. DISPOSITION & CERTIFICATE OF APPEALABILITY

The Court DISMISSES the Petition. The Court will enter judgment against Petitioner. If Petitioner receives leave from the Ninth Circuit to raise his claims in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

In addition, under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is

warranted in this case. *See* 28 U.S.C. § 2253(c)(2)*.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: October 5, 2016

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE